# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2010

No. 09-60535
Summary Calendar

Lyle W. Cayce
Clerk

MAUNG THANT NAING, also known as Thant Naing,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 092 492

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Maung Thant Naing petitions for review of the determination of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Naing's application was denied, and his appeal was dismissed, because his testimony was determined to be not credible.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Naing contends that he established a reasonable fear of future persecution based on his past persecution because of his political beliefs. He argues that the IJ and BIA made erroneous credibility determinations, seizing on immaterial and minor discrepancies, engaging in speculation, and relying too heavily on the lack of detail provided during his credible fear interview. He asserts that the documentary evidence in the record about conditions in Burma corroborates his testimony.

We generally have authority to review only the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). However, when the BIA's decision is affected by the IJ's ruling, as it was in this case, we also review the IJ's decision. *Id.* This court reviews the BIA's rulings of law de novo and its findings of fact for substantial evidence. *See id.* at 594. Under the substantial evidence standard, reversal is improper unless this court decides "'not only that the evidence supports a contrary conclusion, but also that the evidence compels it.'" *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citation omitted); 8 U.S.C. § 1252(b)(4)(B). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen*, 470 F.3d at 1134. This standard is applied in reviewing determinations regarding asylum, withholding of removal, and relief under the CAT. *See id.*

The adverse credibility findings in Naing's case are supported by specific and cogent reasons derived from the record. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). It is irrelevant that some of the inconsistencies or innacuracies go to facts not directly at the heart of Naing's claims. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

PETITION DENIED.